Filed 11/13/13  Montebello Police Dept. v. Super. Ct. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| MONTEBELLO POLICE DEPARTMENT,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent;<br><br>OSCAR CANALEZ-VENTURA,<br><br>Real Party in Interest. | B251106<br><br>(Los Angeles County<br>Super. Ct. No. 3EA02757) |

ORIGINAL PROCEEDING; application for a writ of mandate.  Mildred Escobedo, Judge.  Petition granted.

Jones & Mayer and Gregory P. Palmer for Petitioner.

No appearance for Respondent.

Janice Fukai, Alternate Public Defender, Thomas J. Burns, and Hyun S. Im for Real Party in Interest.

Petitioner Montebello Police Department filed the instant petition for a writ of mandate challenging the trial court's order requiring the disclosure of two complaints contained in a Montebello officer's personnel file. We conclude petitioner is correct that the material ordered disclosed by the trial court is not relevant to the pending litigation and grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Real party in interest Oscar Canalez-Ventura was charged with two counts of burglary of a vehicle and two counts of petty theft. (Pen. Code, §§ 459, 484, subd. (a).) He filed a discovery motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. Counsel's declaration alleged that the police report prepared by Detectives Miranda and Avila attributed statements to Canalez-Ventura that he did not make. In the motion, Canalez-Ventura sought discovery of complaints against the detectives that alleged, among other things, they committed acts of dishonesty.

On August 1, 2013, the trial court granted the motion with respect to complaints relating to allegations of dishonesty. On August 20, the court conducted an in camera hearing and examined the detectives' personnel files. It ordered the disclosure of two complaints against Detective Avila. Nothing in Detective Miranda's file was deemed discoverable.

On September 10, 2013, petitioner filed a petition for a writ of mandate and sought an immediate stay of the trial court's discovery order. We granted petitioner's request to file, under seal, the complaints ordered disclosed. On September 19, we issued a temporary stay of the trial court's order and an alternative writ of mandate directing the trial court to vacate its discovery order or show cause why a peremptory writ of mandate should not issue ordering it to do so. Canalez-Ventura filed a return to the writ and petitioner filed a reply.

2

## DISCUSSION

Petitioner does not dispute that complaints alleging that Detective Avila engaged in acts of dishonesty are material. It argues the trial court was required to examine the detective's records in camera and disclose only those materials, if any, that were relevant to the pending litigation. Petitioner is correct. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226 [after examining records in chambers, subject to statutory exceptions, "the trial court should then disclose to the defendant 'such information [that] is relevant to the subject matter involved in the pending litigation.' [Citation.]"].) Petitioner contends that the information ordered disclosed is not relevant to the underlying case. Once again, petitioner is correct.

We have examined the two complaints at issue. Without divulging the precise nature of the allegations made against Detective Avila, suffice it to say that neither complainant accused him of engaging in any dishonest behavior. One stated the detective approached and accused him of being intoxicated. It is telling that the complainant did not deny that he was. Instead, he claimed the detective did not give him a blood alcohol test, failed to read him his *Miranda* rights,[1] and cut his lip during a struggle. The second complainant alleged Avila was rude when he issued a citation and engaged in harassment because he issued citations against her on two occasions.

Simply put, neither complaint is relevant to the issues involved in real party's case. Whether Detective Avila failed to offer a blood alcohol test, allegedly used unnecessary force, or was rude to a citizen has no bearing on real party's claim that the detective falsely reported real party's statements during an interview. The trial court erred in ordering the disclosure of the two complaints.

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436.

3

**DISPOSITION**

Let a peremptory writ of mandate issue directing the superior court to vacate its August 20, 2013 order granting real party's discovery motion with respect to the two complaints in Detective Avila's personnel file. The alternative writ is discharged and the temporary stay is lifted.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SUZUKAWA, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.

4